UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KELLIE TUTTLE, ET AL                                CIVIL ACTION NO. 19-cv-1072

VERSUS                                              JUDGE FOOTE

RALPH LOUIS NAPPI, ET AL                            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Kellie Tuttle and Candace McMichen ("Plaintiffs") filed this personal injury action in a Bossier Parish state court. Defendants removed the case. The Texas attorneys who filed the suit for Plaintiffs were disqualified from representing them in federal court, and Plaintiffs were allowed a reasonable time to either enroll new counsel or file a written statement that they intended to represent themselves. Neither Plaintiff took any action by the deadline. For the reasons that follow, it is recommended that Plaintiffs' claims be dismissed without prejudice for failure to prosecute.

**Relevant Facts**

When Plaintiffs filed this action in state court, they were represented by Texas attorneys Jim R. Ross and Rustin D. Brunson (both of the Jim Ross Law Group), together with local counsel Joseph Gregorio of Bossier City. Mr. Gregorio filed a motion to withdraw as counsel, and the state court granted his request.

Defendants later removed the case to this federal court. The court's standard removal order asked for the names of attorneys involved in the case. Defense counsel filed

a response (Doc. 10) that listed Gregory Lance Welch Jr. (with the Jim Ross Law Group) as counsel for Plaintiffs.

Attorneys Jim Ross, Rustin D. Brunson, and Gregory Welch Jr. are not admitted to the bar of this Louisiana federal court. It appears that they are licensed in Texas but not Louisiana, and a Louisiana license is required to be admitted to the Western District of Louisiana.

The court's removal order (Doc. 6) directed that any attorney in the action who is not admitted to practice before this court take one of the following actions within 20 days: (1) file an application to practice in this court, (2) file a motion for admission pro hac vice, or (3) secure substitute counsel who is admitted to practice in this court. The deadline for compliance with that order passed on September 9, 2019, but the attorneys for Plaintiffs did not take any action of record.

A scheduling conference was set, but it was cancelled when the court noticed that counsel for Plaintiffs did not appear to be eligible to represent Plaintiffs in this matter. The court's order (Doc. 13) that cancelled the conference instructed Plaintiffs' counsel to inform the court within 14 days regarding their ability to practice law in this court and the status of obtaining local counsel. That deadline passed on October 11, 2019, and the court did not receive any communication from counsel. A member of chambers staff called Mr. Ross' office on October 15, 2019 and left a message for Mr. Ross, but the call has not been returned.

The court then issued an order (Doc. 14) that allowed counsel for Plaintiffs a final opportunity until October 31, 2019 to do one of the following: (1) demonstrate that they

are admitted to practice in this court; (2) file a motion for admission pro hac vice in compliance with Local Rule 83.2.6, along with the required enrollment of local counsel who is admitted to this court; (3) have an attorney who is admitted to this court file a motion to substitute for them as new counsel for Plaintiffs; or (4) file a motion to withdraw as counsel that complies with the notice to clients and other requirements of Local Rule 83.2.11.

The order warned: "Failure to comply with this order may result in counsel for Plaintiffs being disqualified from this case and, depending on the actions taken by Plaintiffs after that, could result in the dismissal of Plaintiffs' claims." Mr. Gregorio's motion to withdraw filed in state court listed a mailing address for each plaintiff. The order directed counsel to inform the court in writing if either address is no longer correct so that, if counsel abandoned their clients, the court would have an accurate address to afford the clients notice.

The Clerk of Court mailed a copy of the order to attorneys Jim Ross, Rustin Brunson, and Gregory Lance Welch, Jr. The October 31 deadline has passed, but none of the attorneys took any action of record or contacted chambers. The court issued an order (Doc. 15) that disqualified attorneys Jim Ross, Rustin Brunson, and Gregory Lance Welch, Jr. from representing Plaintiffs in this action because they lack the qualification to practice before this court and failed to take any step to cure that deficiency.

A copy of that order was mailed to Kellie Tuttle and Candace McMichen at the addresses listed in attorney Gregorio's motion. The order included a heading: "Important Notice to Kellie Tuttle and Candace McMichen." It notified them that the attorneys who

filed this lawsuit on their behalf have been disqualified from representing them. Tuttle and McMichen were each strongly encouraged to promptly retain a new attorney who is eligible to practice in this court and have the new attorney enroll in the case. The order stated that Tuttle and McMichen were each granted until December 6, 2019 to either (1) have a new attorney enroll to represent them or (2) file a written and signed statement that the party intends to represent herself. The order warned: "Failure to take either of those steps by December 6, 2019 may result in the claims of Kellie Tuttle or Candace McMichen, or both, being dismissed for failure to prosecute."

The deadline December 6 passed without action. The Clerk of Court made a staff note on the docket sheet that a copy of the order was delivered to Plaintiffs at the addresses listed for them in the order. The postal service has not returned the mailed items. There is a presumption that the mailings reached their destinations in the usual time and were actually received by the persons to whom they were addressed. Faciane v. Sun Life Assurance Co. of Canada, 931 F.3d 412, 420 (5th Cir. 2019).

**Analysis**

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1982).

The December 6, 2019 deadline has passed, and there has been no action of record by Kellie Tuttle, Candace McMichen, or an attorney acting on behalf of either. The court provided ample time for each plaintiff to secure new counsel or indicate her desire to proceed without counsel. Neither plaintiff took even the simple step of stating in writing that she desired to proceed with this case on her own. The court cannot proceed with litigation of the case without the participation of a plaintiff, so proceeding further with this action would be a waste of time and resources for both the court and the defendants.

Dismissal without prejudice for failure to prosecute is certainly warranted under the circumstances. When a dismissal is without prejudice but the applicable statute of limitations probably bars future litigation, the dismissal is assessed as if it were a dismissal with prejudice. Griggs v. S.G.E. Mgmt., L.L.C., 905 F.3d 835, 844 (5th Cir. 2018). The one-year prescription period may bar Plaintiffs from refiling claim later; their accident allegedly happened on August 25, 2017. Accordingly, the court must consider whether dismissal with prejudice is warranted.

Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice. Griggs, 905 F.3d at 844. In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct. Id.

Dismissal is still appropriate because the court has given the Plaintiffs and their former counsel every reasonable opportunity to move forward with the case. Plaintiffs

personally caused delay by failing to respond to a court order. Their conduct was presumably intentional, as there is no basis to find it was due to negligence or oversight. Plaintiffs and their attorneys have completely ignored all court orders and communications. Begging Plaintiffs to participate in their own case has not worked, so the undersigned does not believe that there is a lesser sanction that would gain their participation, better serve the interests of justice, or warrant the court continuing to maintain this case. Dismissal with prejudice is warranted, so dismissal without prejudice is the appropriate action under the circumstances even though its effect may be equivalent to a dismissal with prejudice.

Accordingly,

It is recommended that all claims by Kellie Tuttle and Candace McMichen against the defendants in this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of December, 2019.

Mark L. Hornsby
U.S. Magistrate Judge